UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>                     Petitioner,<br><br>v.<br><br>KELLY MARTINEZ,<br><br>                     Respondent. | Case No.: 24-cv-0981 MMA (JLB)<br><br>**ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE**<br><br>**[Doc. No. 3]** |

On June 3, 2024, Petitioner Derrick L. Johnson ("Petitioner"), who is currently incarcerated at the San Diego County Jail and is proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On June 11, 2024, the Court dismissed the case without prejudice based on Petitioner's failure to satisfy the filing fee requirement, failure to use the proper form, and failure to allege exhaustion of state judicial remedies. Doc. No. 2. The Court notified Petitioner that to proceed with the instant habeas case, he must, on or before August 12, 2024, submit a copy of the Court's June 11, 2024, Order along with: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order <u>and</u> (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *Id.* at 3.

On June 21, 2024, Petitioner filed a document entitled "Application" which was docketed as a motion to stay, in which Petitioner requests that the Court stay his state

1  detention pursuant to 28 U.S.C. § 2251 pending the outcome of his federal habeas corpus
2  proceeding.  *See* Doc. No. 3 at 1 (in which Petitioner indicates the "relief sought" is for
3  the Court "to stay" Petitioner "being detained under the authority of a state (in the
4  custody of Respondent Sheriff of San Diego County) for the matter involved in this
5  habeas corpus proceeding (instituted by the application filed in this case on 6/3/24.)").
6  Specifically, Petitioner cites a portion of 28 U.S.C. § 2251, which provides in relevant
7  part that: "A justice or judge of the United States before whom a habeas corpus
8  proceeding is pending, may, before final judgment or after final judgment of discharge, or
9  pending appeal, stay any proceeding against the person detained in any State court or by
10 or under the authority of any State for any matter involved in the habeas corpus
11 proceeding."  Doc. No. 3 at 1, citing to and quoting from 28 U.S.C. § 2251(a)(1).

   As an initial matter, it is unclear whether the instant motion is properly before the Court, as 28 U.S.C. § 2251 also provides that: "For purposes of this section, a habeas corpus proceeding is not pending until the application is filed."  28 U.S.C. § 2251(a)(2). While Petitioner filed an initial federal Petition on June 3, 2024, *see* Doc. No. 1, on June 11, 2024, the Court dismissed Petitioner's federal habeas corpus case based on his failure to satisfy the filing fee requirement, failure to use the proper form, and failure to allege exhaustion of state judicial remedies.  *See* Doc. No. 2.  To date, Petitioner has neither satisfied the filing fee requirement nor submitted a First Amended Petition, as necessary to allow his federal habeas action to proceed in this Court.  As such, because Petitioner's federal habeas case has been dismissed, no valid federal Petition is currently pending, and the instant case is currently closed, it is not at all clear that this motion is properly before the Court at the present time.

   Additionally, it is unclear whether the relief Petitioner seeks is even within the purview of 28 U.S.C. § 2251.  Here, it appears to the Court that Petitioner requests a stay of his *state detention itself*, rather than a stay of any state court *proceeding* currently taking place against him.  *See* Doc. No. 3 at 1.  Meanwhile, 28 U.S.C. § 2251 appears to concern stays of a state "proceeding" against an individual detained in state court or

under state authority.  Petitioner does not identify any state proceeding currently pending against him he seeks to stay that would bring the instant motion within what appears to be the ambit of section 2251.

Finally, even were the Court to assume, without deciding, that the instant motion was properly before the Court and were to similarly assume without deciding that Petitioner could conceivably challenge his state detention in the manner sought here, Petitioner fails to offer any substantive argument nor articulate any grounds in support of his motion.  Given such relief appears reserved for cases involving "exceptional circumstances that justify the stay" and with "a high likelihood of success on the merits" on federal habeas review, Petitioner's failure to support his motion with any argument or showing also precludes relief, as the Court sees no indication on the present record that either factor has been met in this case.  *See Benhoff v. Sherman*, Case No. 19-cv-2191-GPC-MDD, 2020 WL 5905180, at *3 (S.D. Cal. Oct. 6, 2020) (Order Adopting the Report and Recommendation and Denying Petitioner's Motion to Stay) (collecting cases, noting "[t]hese two factors match what the Ninth Circuit has indicated as to what would most likely be the focus of the analysis," and referring to and quoting from *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) ("If district courts have that authority (to grant bail pending resolution of a habeas petition), we have indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'").)

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's motion to stay [Doc. No. 3] without prejudice.  The instant case remains dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 28, 2024

HON. MICHAEL M. ANELLO
United States District Judge