UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>         Petitioner,<br><br>v.<br><br>KELLY MARTINEZ, et al.,<br><br>         Respondents. | Case No.: 24-cv-0981-MMA (JLB)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE**<br><br>[Doc. No. 11] |

  The Court has on two prior occasions dismissed this federal habeas action without prejudice and the case is currently closed and on appeal. *See* Doc. Nos. 2, 7, 8. Presently before the Court is Petitioner's Second Amended Petition ("SAP"). Doc. No. 11. For the reasons discussed below, the Court concludes it has jurisdiction over the action despite the appeal and again **DISMISSES** this habeas action without prejudice.

## I. Relevant Procedural History

  On June 3, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On June 11, 2024, the Court dismissed the case without prejudice based on Petitioner's failure to satisfy the filing fee requirement, failure to use the proper form, and failure to allege exhaustion of state judicial remedies. Doc. No. 2. The Court notified Petitioner that to proceed with this habeas case, he must, on or before August 12, 2024, submit a copy of the Court's June 11, 2024, Order along with both: (1)

1

a completed Amended Petition form that cured the pleading deficiencies outlined in that Order and (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *Id.* at 3.

On July 16, 2024, Petitioner filed (1) a document entitled "Motion," which was docketed as a motion for relief from the Court's Order dismissing the case and a motion for a temporary restraining order and (2) an Application for a Writ of Habeas Corpus, which was docketed as an Amended Petition. Doc. Nos. 5, 6. On July 18, 2024, the Court issued an Order dismissing the Amended Petition without prejudice and denying Petitioner's motions without prejudice. Doc. No. 7. The Court again reminded Petitioner that to re-open and proceed with this habeas case, he must, on or before August 12, 2024, submit both: (1) a completed Amended Petition form that cured the identified pleading deficiencies and (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *Id.* at 5.

On July 24, 2024, instead of filing an Amended Petition and attempting to satisfy the filing fee requirement in this case, Petitioner filed a Notice of Appeal, indicating he was appealing the Court's original June 11, 2024, Order dismissing the case without prejudice. Doc. No. 8. On July 29, 2024, the Ninth Circuit issued a docketing notice which was copied to the Court, indicating that no briefing schedule would be set in that case until the Ninth Circuit and/or this Court determined whether a certificate of appealability should issue. Doc. No. 9. On September 3, 2024, the Ninth Circuit remanded the case to this Court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." Doc. No. 10. In that same Order, the Ninth Circuit instructed: "If the district court chooses to issue a certificate of appealability, the court should specify the issues that meet the required showing; if the district court declines to issue a certificate, the court is requested to state its reasons. *Id.* On September 6, 2024, the Court issued an order declining to issue a certificate of appealability. Doc. No. 12. The order noted the Court had not issued a final order or judgment in this case and found that with respect to the June 11, 2024,

Order, "reasonable jurists would not find it debatable whether the Court correctly concluded the case warranted dismissal without prejudice based on Petitioner's failure to satisfy the filing fee requirement, failure to use the proper form, and failure to allege exhaustion of state judicial remedies." *Id.* at 4. To the extent Petitioner also sought to appeal the Court's subsequent July 18, 2024, order dismissing the Amended Petition without prejudice for those same deficiencies, the Court also concluded "a certificate of appealability is not warranted because reasonable jurists would not find it debatable that the Court was correct in its ruling." *Id.*

## II. JURISDICTION

In view of the pending appeal, the Court must first determine whether it has jurisdiction to consider the SAP.[1] Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see* 28 U.S.C. § 1291 ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . ."). "However, when the appeal is from an unappealable order, the district court may disregard the purported notice of appeal and proceed with the case." *Murillo v. Flournoy*, 2013 WL 1147628, at *1 (S.D. Cal. 2013) (finding the district court retained jurisdiction because Petitioner filed a Notice of Appeal before the district court adopted the Report and Recommendation and issued a final order and judgment) (citing *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993));

---

[1] A review of the Ninth Circuit's docket reflects that this Court's September 6, 2024, Order was received and entered on September 10, 2024, and does not reflect any further docket activity since that entry. *See* Doc. No. 4 and *docket generally* in *Johnson v. Martinez, et al.*, 9th Cir. Case No. 24-4638 (last visited Sept. 25, 2024).

*see also Warren v. Las Vegas Metro. Police Dep't*, No. 23-cv-0065-GMN (DJA), 2023 WL 6785815, at *1 fn. 1 (D. Nev. Oct. 12, 2023).

Here, the Court has not issued a final order or judgment in this case. Because Petitioner is currently appealing a non-final order dismissing his original federal Petition without prejudice, *see* Doc. No. 8, the Court is satisfied that jurisdiction remains with this Court despite Petitioner's premature appeal.

### III. THE SECOND AMENDED PETITION

Prior to screening, the Court will address the timeliness of the SAP. Again, in the June 11, 2024, Order, the Court dismissed this habeas action without prejudice and instructed Petitioner that to proceed with this case, he must both (1) submit a completed Amended Petition form that cured the identified pleading deficiencies of failure to satisfy the filing fee requirement, failure to use the proper form and failure to allege exhaustion of state judicial remedies and (2) either submit the filing fee or adequate proof of his inability to pay the fee, on or before August 12, 2024. *See* Doc. No. 2 at 3. After Petitioner submitted an Amended Petition on July 16, 2024, the Court in the July 18, 2024, Order, dismissed that Petition without prejudice for the same three identified deficiencies and again instructed Petitioner that to re-open and proceed with his case he must both submit an Amended Petition that cured the identified deficiencies along with either the filing fee or adequate proof of his inability to pay the fee, again on or before August 12, 2024. *See* Doc. No. 7 at 5.

The SAP was received by the Court and is file-stamped September 5, 2024, *see* Doc. No. 11 at 1, but Petitioner dated it as having been signed on June 10, 2024. *See id.* at 12. Despite the September 5, 2024, file-stamped date, the constructive filing date of the SAP would ordinarily be the date Petitioner handed it to correctional officers for mailing to the Court. *See Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (discussing the "mailbox rule" under which "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) and *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also*

1   *Houston*, 487 U.S. at 276 ("[T]he notice of appeal was filed at the time petitioner
2   delivered it to the prison authorities for forwarding to the court clerk.")  However, in this
3   case, the SAP is unaccompanied by either a proof of service or an envelope showing the
4   date it was mailed.  *See generally* Doc. No. 11.  This discrepancy between the date the
5   SAP was signed and when it was received is also notable given the stated June 10, 2024,
6   signing date is well *before* Petitioner submitted the *prior* Amended Petition to the Court.
7   *Compare* Doc. No. 11 at 12 *with* Doc. No. 6.  The docket reflects the prior Amended
8   Petition was signed by Petitioner on July 8, 2024, mailed on July 12, 2024, and file-
9   stamped July 16, 2024.  *See* Doc. No. 6 at 1-3.

10       However, in an abundance of caution and despite these noted discrepancies, the
11  Court will construe the SAP as timely filed despite the apparently late submission and
12  will proceed to screen it in the ordinary course.  Upon review, the SAP suffers from
13  several deficiencies, some but not all repeated from prior petitions, and thus again
14  warrants dismissal.

15  **A.     Failure to Satisfy Filing Fee Requirement**
16       Petitioner still has not paid the $5.00 filing fee and has not filed an application to
17  proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either
18  paid the filing fee or has qualified to proceed in forma pauperis, the SAP is subject to
19  dismissal without prejudice.  *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

20  **B.     Petition Appears to Challenge More Than One Judgment**
21       In the SAP, Petitioner for the first time indicates he is challenging a Los Angeles
22  County Superior Court judgment of conviction in case number BA438628, which he
23  states was dated "before 12/15/15." *See* Doc. No. 11 at 1.  However, in the sole ground
24  for habeas relief in the SAP, Petitioner indicates his challenge arises from a May 29,
25  2024, arrest and detention which occurred in San Diego County, *see id.* at 6, as he
26  similarly indicated in both prior Petitions.  *See* Doc. No. 1 at 1, Doc. No. 6 at 1-2.  The
27  Court previously observed that Petitioner was, at the time the initial Petition was filed,
28  incarcerated at the San Diego County Jail, and serving a sentence for a parole violation.

*See* Doc. No. 2 at 1.  Petitioner does not indicate, much less explain, if or how his Los Angeles County judgment of conviction bears any connection to his San Diego arrest and detention.  It instead appears from the face of the SAP that Petitioner is attempting to challenge two judgments of conviction issued by two separate state courts.

Rule 2(e) of the Rules Governing Section 2254 Cases provides that: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  R. 2(e), Rules Governing Section 2254 Cases (2019).  The Advisory Committee Note to Rule 2(e) states that "a single petition may assert a claim only against the judgment or judgments of a single state court (i.e., a court of the same county or judicial district or circuit)."[2]  R. 2(e) Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.  Accordingly, the SAP also appears subject to dismissal because it attempts to challenge more than one judgment.

C.      **Failure to Allege Exhaustion of State Judicial Remedies**

Additionally, Petitioner has still not alleged exhaustion of state remedies.  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  Moreover, to properly exhaust state court remedies a petitioner must allege, in

---

[2] This Advisory Committee Note references the Rule as then codified as Rule 2(d), which has since been recodified as Rule 2(e).

state court, how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Petitioner again fails to allege that he raised the claim or claims he wishes to bring here in California Supreme Court.  The SAP presents one ground for relief, as the space provided on the habeas form for ground two appears scratched out with additional argument added on that page entitled "Memorandum."  Doc. No. 11 at 6-7.  In response to the question on the habeas form asking if Petitioner raised ground one in the California Supreme Court, Petitioner has not checked either "yes" or "no" and has instead only indicated: "Unsure." *Id.* at 6.  Petitioner also indicates either "Unsure" or "No" in response to earlier questions on the habeas form asking if he filed any motions, applications or petitions other than a direct appeal as to the challenged judgment in the California Supreme Court and indicates he did not appeal from the judgment of conviction in the California Court of Appeal.  *See id.* at 3-4.  If Petitioner has raised his federal claim or claims in the California Supreme Court, he must so specify.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  R. 4, Rules Governing Section 2254 Cases (2019).  Here, it appears plain from the SAP that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## IV. Conclusion and Order[3]

For the foregoing reasons, the Court concludes it has jurisdiction over Petitioner's Second Amended Petition and **DISMISSES** the Second Amended Petition [Doc. No. 11] without prejudice. This habeas case remains dismissed without prejudice. If Petitioner wishes to re-open and proceed with this case, he must submit, no later than **November 25, 2024**, both (1) a completed Amended Petition form that cures the identified pleading deficiencies AND (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.

**IT IS SO ORDERED.**

Dated: September 26, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] The Court would again decline to find a certificate of appealability is warranted for reasons similar to those previously stated in the September 6, 2024, Order, *see* Doc. No. 12, namely because the Court has not yet issued any final order or judgment in this case and because reasonable jurists would not find it debatable that the Court is correct in its ruling that the SAP is subject to dismissal without prejudice for the reasons stated above. *See* 28 U.S.C. § 2253(c)(1)(A) and (c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).